IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDY MARTIN, as next of kin for ADAM MARTIN, deceased,** | : | **CIVIL NO. 1:CV-12-02228** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHARLES SAMUELS, JR.,** *et al.***,** | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Plaintiff Judy Martin, an individual formerly incarcerated at the Federal Prison Camp in Alderson, West Virginia ("FCP-Alderson"), filed this *Bivens*[1]-type action on July 9, 2012, as next of kin for Adam Martin ("Martin"), deceased, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 3.) The case was transferred to this court on November 8, 2012. (*See* Doc. 7.) Named as Defendants are Charles Samuels, Jr., the Director of the Bureau of Prisons ("BOP"), and several officials from the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"),[2] Adam Martin's former place of incarceration. In her complaint,

---

[1] *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

[2] USP-Lewisburg officials named as Defendants are as follows: Warden Bryan Bledsoe; Dave Young, Associate Warden; Steve Brown, Health Services Administrator; Brad Trate, Captain; Don Hudson, Associate Warden; and, Krista Rear Bahre, Associate Warden.

Plaintiff alleges that on July 5, 2009, after officers at USP-Lewisburg injected tear gas into Adam Martin's cell in response to an alleged fight, he collapsed near the showers and was left in a cell alone, where he was found deceased the following morning.

Presently before the court is a motion to dismiss filed by Defendants Samuels and Bledsoe. (Doc. 16.) For the reasons set forth below, the motion will be granted.

I.   **Background**

In the complaint, Plaintiff provides the following factual background with respect to her claims. For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

   **A.   Facts**

On July 5, 2010, at USP-Lewisburg, Adam Martin was in his cell with his cellmate, Ralph Buchanan. (Doc. 3 at 3.) At some point, Mr. Buchanan fell out of his top bunk, injuring himself. (*Id*.) While Mr. Martin was trying to administer aid to Mr. Buchanan, corrections officers arrived at the cell. (*Id*.) Believing that the two inmates were fighting, corrections officers ordered both inmates to step to the door to be handcuffed. (*Id*.) When Mr. Martin tried to tell officers that Mr. Buchanan was injured, officers injected tear gas into the cell. (*Id*.) Afterwards, Mr. Martin placed

his hands through the door to be handcuffed with his hands facing forward. (*Id*.) The officers then opened the door and recuffed Mr. Martin's hands behind his back. (*Id*.) Later, Mr. Martin collapsed near the showers. (*Id*.) Officers then placed him on a stretcher, but dropped him several times going down the stairs. (*Id*.) Mr. Martin was subsequently placed in a cell alone, where he was discovered the following morning deceased. (*Id*.) Plaintiff claims that Mr. Martin "received injuries that subsequently lead to his death." (*Id*.)

### B. Procedural History

Upon receipt of the complaint in this court, on November 9, 2012, the court directed service of the complaint on the Defendants named therein. (Doc. 9.) Waiver of service was returned unexecuted as to the unnamed Defendants on November 21, 2012. (Doc. 10.) On January 16, 2013, Defendants Samuels and Bledsoe filed the instant motion to dismiss the complaint. (Doc. 16.) On February 11, 2013, Plaintiff filed her brief in opposition. (Doc. 22.) Defendants Samuels and Bledsoe filed a reply brief on March 11, 2013. (Doc. 23.) Thus, the motion to dismiss is ripe for disposition.

## II. Standard of Review

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in the context of Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *accord, e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the court is not "compelled to accept

unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555, 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007).  Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 664.

However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for

6

summary judgment." (internal quotation omitted)). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.   Discussion**

In their motion to dismiss, Defendants Samuels and Bledsoe contend that the claims asserted against them in the complaint should be dismissed because, *inter alia*, they lack personal involvement in the alleged constitutional violations and *respondeat superior* cannot form the basis of a *Bivens* action.  Upon review, the court agrees with Defendants Samuels and Bledsoe, and accordingly will grant their motion to dismiss and terminate them as parties in this action.

A *Bivens* civil rights action under Section 1331 has the same standards as does a Section 1983 action.  *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *see also supra* note 1, at 1.  To state a claim under *Bivens*, a plaintiff must allege that he or she was deprived of a federal right by a person who was acting under color of federal law.  *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

It is well established that personal liability in a civil rights action cannot be imposed upon a government official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 368 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  It is also well-settled in the Third Circuit that the defendant's personal involvement in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege

such personal involvement. *Hampton*, 546 F.2d at 1082. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which a plaintiff's claims are based. *Id*. As the court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207 (citations omitted). Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not be subject the official to liability under *Bivens*. *Id*. at 1208.

In the instant case, the complaint's allegations make no mention whatsoever of Defendants Samuels or Bledsoe. (*See* Doc. 3.) While Plaintiff does identify Defendant Samuels as the Director of the BOP and Defendant Bledsoe as the Warden of USP-Lewisburg, the allegations set forth in the complaint only describe the actions of unnamed corrections officers with respect to the July 5, 2010 incident involving Plaintiff's son, Adam Martin. (*Id*.) Without any such allegations against Defendants Samuels and Bledsoe, it is apparent that Plaintiff's action against these Defendants is based solely on their supervisory roles as prison administrators. In fact, in her brief in opposition to the instant motion, Plaintiff clarifies her position as to a claim against

Defendant Bledsoe, asserting that although he may have had no direct involvement in the incidents giving rise to the action, he is nonetheless, by virtue of his position as Warden, responsible for policies and procedures unique to USP-Lewisburg and for training of USP-Lewisburg staff. (Doc. 22 at 2.) Plaintiff's position is contrary to law. As articulated by the United States District Court for the Western District of Pennsylvania:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218, 111 S. Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Section 1983 [or 1331] liability cannot be predicated solely on *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 456 L.Ed.2d 561 (1976); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

*Rogers v. United States*, 696 F. Supp. 2d 477, 488 (W.D. Pa. 2010).  Based on this well-settled case law, because Plaintiff is naming Defendants Samuels and Bledsoe in this action solely by virtue of their positions as Director of the BOP and Warden of USP-Lewisburg and based on the doctrine of *respondeat superior*, which is not permissible in a civil rights action, the motion to dismiss will be granted and these Defendants will be terminated as parties in this action.  Further, because Plaintiff fails to state the requisite factual specificity and allegations of personal involvement with regards to the constitutional claims against these Defendants, and confirms that they are named solely on a *respondeat superior* theory of liability, the court finds it would be futile to permit amendment.  *See Alston*, 363 F.3d at 236.

**IV.   Conclusion**

      For the reasons set forth above, the motion to dismiss filed by Defendants Samuels and Bledsoe (Doc. 16) will be granted.  An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated:  January 30, 2014.