IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDY MARTIN, as next of kin for ADAM MARTIN, deceased, | : CIVIL NO. 1:CV-12-02228 |
| Plaintiff | : (Judge Rambo) |
| v. | : |
| CHARLES SAMUELS, JR., *et al.*, | : |
| Defendants | : |

## M E M O R A N D U M

### I. Background

Plaintiff Judy Martin, an individual formerly incarcerated at the Federal Prison Camp in Alderson, West Virginia ("FCP-Alderson"), filed this *Bivens*[1]-type action on July 9, 2012, as next of kin for Adam Martin ("Martin"), deceased, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 3.) The case was transferred to this court November 8, 2012. (*See* Doc. 7.) Named as Defendants are Charles Samuels, Jr., the Director of the Bureau of Prisons ("BOP"), and several officials from the United States Penitentiary in Lewisburg, Pennsylvania ("USP-

---

[1] *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

Lewisburg"),[2] Adam Martin's former place of incarceration. In her complaint, Plaintiff alleges that on July 5, 2009, after officers at USP-Lewisburg injected tear gas into Adam Martin's cell in response to an alleged fight, he collapsed near the showers and was left in a cell alone, where he was found deceased the following morning.

By order dated November 9, 2012, the court directed service of the complaint on the defendants named therein. (Doc. 9.) On January 16, 2013, Defendants Samuels and Bledsoe filed a motion to dismiss the complaint, (Doc. 16), followed by a supporting brief on February 8, 2013, (Doc. 20). After the motion was ripe for disposition, the court granted the motion to dismiss, and Defendants Samuels and Bledsoe were terminated as parties in this action. (Doc. 40.)

As to the remaining Defendants, the court notes the following background. On November 21, 2012, waivers of service were returned unexecuted as to the "unnamed" Defendants listed in the complaint. (Doc. 10.) By order dated January 30, 2013, the court directed Plaintiff to file a response indicating the current identities and addresses of those "unnamed" Defendants. (Doc. 17.) Plaintiff responded on February 11, 2013, informing the court that she could not locate the identities or addresses of the

---

[2] USP-Lewisburg officials named as Defendants are as follows: Warden Bryan Bledsoe; Dave Young, Associate Warden; Steve Brown, Health Services Administrator; Brad Trate, Captain; Don Hudson, Associate Warden; and, Krista Rear Bahre, Associate Warden.

"unnamed" Defendants due to missing pages from Adam Martin's prison records. (Doc. 21.) As a result, by order dated May 29, 2013, the court directed counsel for Defendants Samuels and Bledsoe to provide the court with the identities and addresses for the remaining "unnamed" Defendants. (Doc. 24.) Counsel responded on June 10, 2013 with the requested identities and addresses. (Doc. 25.) As a result, by order dated June 11, 2013, the court directed service of the complaint on the newly-identified Defendants. (Doc. 26.)

Thereafter, on August 16, 2013, all Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 34.) A statement of material facts (Doc. 35), and supporting brief (Doc. 36), were filed on August 30, 2013. Pursuant to M.D. Pa. Local Rule 7.6,[3] Plaintiff had twenty-one (21) days from the service of Defendants' motion and brief to file a brief in opposition to the motion. Within that time period, Plaintiff failed to file any opposition or seek an extension of time in which to do so. As a result, by order dated September 18, 2013, the court directed Plaintiff to file a brief in opposition to the motion to dismiss or, in the alternative, for

---

[3] Local Rule 7.6 provides that a party opposing a motion must file a brief in opposition to the motion within fourteen (14) days, and that if the opposition is not filed within the required time, he or she will be deemed not to oppose the moving party's motion. Further, a brief in opposition to a motion for summary judgment must be filed within twenty-one (21) days after service of the movant's brief.

3

summary judgment, on or before October 2, 2013. (Doc. 37.) The order also forewarned Plaintiff that if she failed to oppose the motion within that time period allotted by the court, the court would grant the motion to dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

To date, Plaintiff has failed to file any opposition. On October 15, 2013, the Clerk of Court's office received a telephone call from Plaintiff, informing the court that she had received the most recent orders filed in the case, but wished to provide her current address. (Court only entry.) Plaintiff was advised to send a letter to the court addressing her issue and updating her current address. *(Id.)* To date, the court has not received any further communication, via letter or otherwise, from Plaintiff. Further, although her brief in opposition to the pending motion to dismiss or, in the alternative, for summary judgment, is now overdue, she has neither made the appropriate filing nor requested an extension of time in which to do so. Therefore, for the reasons set forth below, Defendants' motion to dismiss or, in the alternative, for summary judgment, will be deemed unopposed and granted without a merits analysis and Plaintiff's complaint will be dismissed with prejudice as to the remaining

Defendants for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## II.   Discussion

Generally, a dispositive motion may not be granted merely because it is unopposed, because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990) (the disposition of an unopposed motion ordinarily requires a merits analysis).  However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 529 (1962).  In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts.  The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . .  It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id*. at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. *Stackhouse*, 951 F.2d at 30. However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked*.

*Stackhouse*, 951 F.2d at 30 (emphasis added). Further, in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than

dismissal which entails an analysis of alternative sanctions; and (6) the meritoriouness of the claim or defense.  However, as stated by the Court of Appeals in a later case,

> *Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by this Court.  As we have already recognized, not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citations omitted).

In the instant case, Plaintiff was advised of the requirements of Local Rule 7.6 in the Standing Practice Order issued in this case on November 8, 2012.  (Doc. 8.) Further, she specifically was directed to comply with Local Rule 7.6 in the court's September 18, 2013 order directing her to file her opposition brief, and was warned of the consequences of failing to timely file her opposition in the latter order.  (*See* Doc. 37.)  The court finds that Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*.  Accordingly, the court will deem the pending motion to dismiss unopposed and grant the motion and dismiss the complaint as to the remaining Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order.

An appropriate order will issue.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated:  February 12, 2014.